UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DIANE MAY,

      Petitioner,                Case No. 2:24-cv-10829
                                       Honorable Linda V. Parker

v.

JEREMY HOWARD,

      Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

    Lisa Diane May, a Michigan prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her conviction for assault with intent to do great bodily harm less than murder and being a fourth felony habitual offender, in violation of Michigan Compiled Laws §§ 750.84 and 769.12, respectively.  For the reasons that follow, the Court is dismissing the petition with prejudice, denying a certificate of appealability, but granting leave to proceed in forma pauperis on appeal, if Petitioner decides to appeal.

## I.  Background

    Petitioner was originally charged in the Circuit Court for Wayne County, Michigan, with felonious assault and aggravated assault.  However, those charges were dismissed, and she was recharged with assault with intent to do great bodily

1

harm less than murder, felonious assault, and aggravated assault. Petitioner was also charged with being a violent or "super" fourth felony habitual offender, which carries a 25-year mandatory minimum sentence and a maximum sentence of life in prison. *See* Mich. Comp. Laws § 769.12(1)(a).

Petitioner's counsel referred Petitioner to the Center For Forensic Psychiatry ("Forensic Center") for a psychiatric evaluation to determine her mental competency to stand trial. (ECF No. 9-5 at PageID. 370). The Forensic Center determined that Petitioner was mentally competent to stand trial. Defense counsel stipulated to the report, and the trial court judge determined that Petitioner was mentally competent. (*Id.* at PageID. 372-374). Petitioner was then referred to the Forensic Center for a determination of criminal responsibility. At Petitioner's plea hearing, it was revealed that the Forensic Center had found her to be criminally responsible. (ECF No. 9-9 at PageID. 420).

On March 9, 2022, Petitioner appeared in Wayne County Circuit Court. The judge indicated that the Forensic Center had issued a report on Petitioner's criminal responsibility and that defense counsel was not seeking an independent evaluation on this issue. The prosecutor had originally offered to allow Petitioner to plead guilty to the assault with intent to do great bodily harm charge and to being a fourth felony habitual offender without the violent fourth habitual offender notice, which would remove the 25-year mandatory minimum sentence, and to

2

dismiss the other assault charges.  The prosecutor had also offered a sentence

agreement of 8-20 years, which was reduced to 5-15 years.  The judge noted that

the court's electronic notice system reflected that a competency hearing had been

scheduled for that day, but the court determined that competency was no longer an

issue.  (ECF No. 9-9 at PageID. 413-414).  Petitioner's counsel agreed, although

counsel indicated that she had "struggled here with Miss May."

Defense counsel also indicated that the plea offer had been changed to

include a five-to-fifteen-years sentence agreement.  The prosecutor confirmed this

agreement.  (*Id.* at PageID. 414).  Defense counsel stated that she had spent a lot of

time explaining the legal situation to Petitioner and had sent her a letter explaining

the original charges, including the mandatory minimum twenty-five-year sentence

under the violent fourth habitual offender statute.  Counsel then asked the court to

help her explain Petitioner's legal situation to her.  (*Id.* at PageID. 414-15).

Petitioner acknowledged receiving counsel's letter, but Petitioner indicated

that she had concerns about the fourth habitual offender charge.  Petitioner claimed

she did some legal research, and she provided the court with a written summary of

her findings.  Petitioner stated that her last felony conviction was eight years old.

Petitioner also claimed that the charge of assault with intent to do great bodily

harm was not a listed crime under the violent fourth habitual offender statute.  (*Id.*

at PageID. 415-16).

3

The court then explained to Petitioner, at great length, the charges and possible penalties she faced. The court specifically explained the fourth habitual offender charge and informed Petitioner of the prior felony convictions being used to charge her with being a fourth habitual offender. The judge informed Petitioner that her current charge of assault with intent to do great bodily harm qualified as a listed felony under the habitual offender statute.

Both the judge and defense counsel explained to Petitioner that, contrary to her belief, her prior assault conviction could be used to charge her as a habitual offender even though she was no longer on parole supervision for that offense. Counsel indicated that she explained to Petitioner that she could be charged as a fourth habitual offender even though there was an eight-year gap between the current charge and her last prior conviction. The judge expressed that Petitioner was trying to convince the court that the law was something other than it was. Petitioner at great length went through her prior felony convictions and appeared to remain confused over the applicability of the habitual offender law. The judge and defense counsel again explained the habitual offender law to Petitioner and indicated that it applied even though she was no longer on parole or probation. After a brief recess, the judge again explained the law to Petitioner and discussed her various options. (*Id.* at PageID. 416-39).

Ultimately, Petitioner decided to plead guilty. (*Id.* at PageID. 439). The court explained the charges to her and possible penalties, put the terms of the plea agreement on the record, and advised Petitioner of the rights being waived by pleading guilty. In response, Petitioner indicated that she understood the charges against her, the possible penalties, and the rights she was waiving by pleading guilty, and she confirmed the terms of the plea agreement. (*Id.* at PageID. 446-54). Petitioner made out a factual basis for the plea by admitting that she threw a glass at her neighbor with the intent to do great bodily harm, and that the victim received three stitches to the back of her head due to the resulting injury. (*Id.* at PageID. 456-57).

On April 13, 2022, the trial court sentenced Petitioner to five to fifteen years in prison as per the plea agreement. (ECF No. 9-10 at PageID. 486). When provided the opportunity to speak before being sentenced, Petitioner contested some of the medical findings concerning the severity of the victim's injuries and the extent of her treatment. Petitioner asked for the court's mercy, noting that all of her prior convictions were old, with the last being eight years before the current offense. (*Id.* at PageID. 479-81).

Petitioner's conviction and sentence were affirmed on appeal. *People v. May*, No. 363770 (Mich. Ct. App. Jan. 19, 2023), *lv. den.* 988 N.W.2d 768 (Mich. 2023). The Michigan Court of Appeals denied Petitioner's application for leave to

appeal on her direct appeal in a form order "for lack of merit in the grounds presented." (ECF No. 9-11 at PageID. 491.) The Michigan Supreme Court also denied Petitioner leave to appeal in a standard form order without any extended discussion. (*See* ECF No. 9-12 at PageID. 630.)

Petitioner now seeks a writ of habeas corpus, identifying the following grounds for relief: (1) "Whether the trial court had an obligation to determine, meaningful allocution, a fair trial" and (2) "Punishment for subsequent felony supplemental in pro per brief."[1] (ECF No. 1 at PageID. 6, 8.) Respondent filed a response to the petition (ECF No. 8), and Petitioner filed a reply (ECF No. 10.)

---

[1] In her reply brief, Petitioner alleges that there was insufficient evidence of her intent to charge her with assault with intent to do great bodily harm, that she was forced into pleading guilty to avoid the mandatory minimum 25 year prison sentence on the violent fourth habitual offender charge, that trial counsel was ineffective in how she handled Petitioner's motion to quash the information and the emergency motion for bond, and that the Forensic Center somehow impermissibly made her competent to stand trial, either through therapy and/or medication. (*See* ECF No. 10.) It is unclear if Petitioner is attempting to raise these claims as independent grounds for relief. If so, the Court declines to consider them because additional grounds for relief are not properly raised in a reply brief. *See Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)) (explaining that "a district court may decline to review a claim that a party raises for the first time in his traverse"); *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) (finding that "a court cannot consider new issues raised in a traverse or reply to the State's answer").

6

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

provides the standard of review applicable to Petitioner's application for habeas

relief:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved
> > an unreasonable application of, clearly established
> > Federal law, as determined by the Supreme Court of
> > the United States; or
> >
> > (2) resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court

on a question of law, or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when

"a state court decision unreasonably applies the law of [the Supreme Court] to the

facts of a prisoner's case."  *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002). A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). This presumption is rebutted only with clear and convincing evidence. *Id*. Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require an opinion from the state court explaining the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas

petitioner presents a federal claim to a state court and the state court denies relief,

"it may be presumed that the state court adjudicated the claim on the merits in the

absence of any indication or state-law procedural principles to the contrary." *Id*. at

99.  That presumption may be overcome only when there is a reason to think that

some other explanation for the state court's decision is more likely. *Id*. at 99-100.

Thus, AEDPA's deferential review standard applies here, despite the

Michigan Court of Appeals' rejection of Petitioner's appeal "for lack of merit in

the grounds presented" and the Michigan Supreme Court's denial of leave to

appeal in a standard form order.  These orders amounted to a decision on the

merits.  *See Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

### III.  Discussion

### A.  Ground One

In her first ground for relief, Petitioner asserts that her mental incompetency

at sentencing prevented her from speaking on her behalf.

"A defendant may not be put to trial unless he [or she] has sufficient present

ability to consult with his [or her] lawyer with a reasonable degree of rational

understanding and a rational as well as factual understanding of the proceedings

against him [or her]." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (cleaned

up).  The competency standard for pleading guilty is identical to the competency

for standing trial. *Godinez v. Moran*, 509 U.S. 389, 398 (1993).  The Sixth Circuit

applies the same standard when evaluating a defendant's competency to proceed to sentencing. *See United States v. Washington*, 271 F. App'x 485, 490 (6th Cir. 2008).

### 1. Procedural Due Process

A habeas petitioner's mental competency claims "can raise issues of both substantive and procedural due process." *Hastings v. Yukins,* 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002). A habeas petitioner raises a procedural competency claim by alleging that the state trial court failed to conduct a competency hearing after the petitioner's mental competency was put in issue. To succeed on a procedural claim, the habeas petitioner must establish that the state trial judge ignored facts that raised a "*bona fide* doubt" regarding the petitioner's competency to stand trial. *Walker v. Att'y Gen. for the State of Okla.*, 167 F.3d 1339, 1343 (10th Cir. 1999) (internal citations omitted); *Hastings,* 194 F. Supp. 2d at 670.

Evidence of a petitioner's irrational behavior, her demeanor at trial or at another court proceeding, and any prior medical opinions on competence to stand trial are all relevant in determining whether a trial court's further inquiry on the petitioner's mental state was required. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). However, "one of these factors standing alone may, in some circumstances, be sufficient." *Id.* "There are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to

proceed[.] *Id.* There must be some manifestation or conduct on a habeas petitioner's part "to trigger a reasonable doubt as to his or her competency." *Hastings*, 194 F. Supp. 2d at 671. A trial judge is allowed to rely on his or her own observations of the defendant's comportment or demeanor to determine whether that defendant is competent to stand trial. *Id.* (citing *Bryson v. Ward*, 187 F.3d 1193, 1201 (10th Cir. 1999)).

The trial court is required to conduct a full competency hearing only when it has reason to doubt the defendant's competency to stand trial or to plead guilty. *Godinez*, 509 U.S. at 401 n. 13. "The due process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). The question for a reviewing court is "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000) (quoting *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983)) (brackets removed). "To trigger the court's duty to hold a competency hearing sua sponte, the defendant must tie his ailments to a deep breakdown in cognition, such that he lacked the ability to consult with counsel, assist in his own defense, or understand the proceedings against him[.]" *United States v. Hutchinson*, 831 F.

11

App'x 195, 198 (6th Cir. 2020).  For example, even if "all the evidence available" to the court suggests that the defendant functions at the upper end of a mental deficiency, the defendant may nonetheless be competent to stand trial or enter a guilty plea.  *Warren v. Lewis*, 365 F.3d 529, 534 (6th Cir. 2004).

"A state court determination of competence is a factual finding, to which deference must be paid."  *Franklin,* 695 F.3d at 447 (citing *Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995)).  The petitioner has the burden to rebut the presumption of correctness of the state court's competency determination by clear and convincing evidence.  *Doughty v. Grayson,* 397 F. Supp. 2d 867, 876 (E.D. Mich. 2005).  Moreover, regardless of whether a federal habeas court would reach a different conclusion regarding a habeas petitioner's mental competence were it reviewing the case de novo, the state court's findings must be upheld unless there is clear and convincing evidence to the contrary, and this deference must be paid even to state court factual findings on appeal.  *Franklin,* 695 F.3d at 447.

Petitioner's competency claim fails because there is no evidence that should have raised a *bona fide* doubt for the trial court as to her competency to plead guilty or be sentenced.  Petitioner was lucid at the plea and sentencing hearings. She responded appropriately to the judge's questions at both hearings and stated she understood what was happening.  She also made a lengthy statement at

sentencing.  The state court did not unreasonably determine that Petitioner was competent to plead guilty or be sentenced.  *See Franklin*, 695 F.3d at 449.

## 2.  Substantive Due Process

A habeas petitioner can also raise a substantive competency claim by alleging that she was tried and convicted while mentally incompetent.  However, a habeas petitioner raising a substantive claim is not entitled to a presumption of incompetency and must demonstrate her incompetency by a preponderance of the evidence.  *Walker*, 167 F.3d at 1344; *Hastings*, 194 F. Supp. 2d at 671.

"To obtain habeas relief on a substantive incompetence claim, [a] petitioner must present evidence "sufficient to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to his [or her] mental capacity[]" to stand trial.  *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (quoting *Watts v. Singletary*, 87 F.3d 1282, 1290 (11th Cir. 1996)).  A habeas petitioner is entitled to an evidentiary hearing on the issue of her competency to stand trial "if [s]he presents sufficient facts to create a real and substantial doubt as to [her] competency, even if those facts were not presented to the trial court."  *Id.* (quoting *Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir. 1985)).

The only evidence Petitioner offers to support her claim that she was incompetent to plead guilty or be sentenced is her diagnosis of bipolar disorder, post-traumatic stress syndrome, anxiety, and that she suffered from panic attacks.

However, mental illness, in and of itself, does not equate to incompetency to stand trial. *See United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996); *see also Mackey*, 217 F.3d at 410-14 (upholding determination that habeas petitioner was competent despite an earlier diagnosis of schizophrenia and an affidavit from the defendant's lawyer stating that his client "exhibit[ed] great difficulty in communicating and assisting with his defense."); *see also United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) ("the bar for incompetency is high"). Such mental health diagnosis and conditions, by themselves, do not render Petitioner incompetent to stand trial, plead guilty, or be sentenced if she was able to understand her rights and participate in the proceedings. *See United States v. Alfadhili*, 762 F. App'x 264, 268-69 (6th Cir. 2019); *see also United States v. Allen*, 665 F. App'x 531, 534 (6th Cir. 2016); *United States v. Myles*, 70 F. App'x 814, 815-16 (6th Cir. 2003); *United States v. Douglas*, No. 20-1019, 2021 WL 11486977, at *1-2 (6th Cir. Feb. 23, 2021).

There is no evidence that Petitioner was unable to understand the proceedings against her or assist her attorney at sentencing. Petitioner indicated that she wanted to speak and proceeded to make a lengthy statement to the judge. Petitioner disagreed with the law and the court's and her counsel's interpretation of the law, but that did not reflect a lack of competency.

In short, the record does not suggest that Petitioner lacked competency at the plea or sentencing, or that the trial court failed to make a proper inquiry. Petitioner is not entitled to relief on her claim.

### 3. Allocution

Petitioner contends that she was denied the right to meaningful allocution. This claim also is without merit and does not entitle her to habeas relief.

There is no constitutional right to allocution under the United States Constitution. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Richardson*, 948 F.3d 733, 744 (6th Cir. 2020). Therefore, a trial court's failure to afford a defendant the right to speak before imposing a sentence raises neither a jurisdictional nor constitutional error cognizable on habeas review. *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995); *see also Cooey v. Coyle,* 289 F.3d 882, 912 (6th Cir. 2002) (declining to issue certificate of appealability on denial of allocution claim). Moreover, Petitioner was not denied a meaningful opportunity to speak at sentencing.

The trial court permitted Petitioner to make a statement on her own behalf at sentencing, and Petitioner did so. (ECF No. 9-10 at PageID. 479-481.) The judge also responded to some of Petitioner's questions and comments and engaged in a

lengthy discussion with her about the underlying issues that were contributing to her continued problems understanding the law.  (*Id.* at PageID. 479-85).

Petitioner is not entitled to relief on this claim.

### B.  Ground Two

In her second ground for relief, Petitioner claims she was improperly charged with being a fourth felony habitual offender.  Petitioner appears to argue that the prosecutor failed to provide her or her counsel with timely notification of the prosecution's intent to charge her with being a habitual offender.  Alternatively, Petitioner argues that trial counsel was ineffective for failing to challenge the habitual offender charge.

Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000).  State-law error establishes a federal constitutional claim only where the error "is so fundamentally unfair that it rises to the level of a due-process violation."  *Collier v. Lafler*, 419 F. App'x 555, 558 (6th Cir. 2011); *see also Hill v. Mitchell*, 400 F.3d 308, 335 (6th Cir. 2005).  "Such a challenge may be cognizable . . . if the petitioner shows that the sentence was based on 'misinformation of constitutional magnitude,' *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404, U.S. 443, 447

16

(1972)), or 'extensively and materially false' evidence that the petitioner had no opportunity to cure, *Townsend v. Burke*, 334 U.S. 736, 741 (1948)." *Cooper v. Howard*, No. 24-1850, 2025 1013441, at *2 (6th Cir. Mar. 18, 2025). Petitioner presents no evidence that the information on which the trial court based her sentence was in fact inaccurate or that she lacked an opportunity to correct any allegedly inaccurate information. And her disagreement with the convictions that may be considered to render her a fourth felony habitual offender fall far short of the showing that *Roberts* and *Townsend* require.

Petitioner's claim that she received inadequate notice of the habitual offender charge under Michigan law also does not state a claim that is cognizable in federal habeas review. Due process does not require a defendant to "be notified in advance that 'the trial on the substantive offense will be followed by a habitual criminal proceeding.'" *Kennedy v. Burgess*, No. 22-1101, 2022 WL 18797053, at *2 (6th Cir. Sept. 2, 2022) (quoting *Oyler v. Boles*, 368 U.S. 448, 452 (1962)) (brackets omitted). "But 'a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense.'" *Id.* (quoting *Oyler*, 368 U.S. at 452). Petitioner received reasonable notice, however. (*See* ECF No. 9-1; *see also* ECF No. 9-9 at PageID. 414 (reflecting that Petitioner had notice of the charge before pleading guilty).)

17

Petitioner's claim fails for another reason.  She pleaded guilty to being a fourth felony habitual offender as part of the plea agreement.  "A valid, unconditional guilty plea waives all 'constitutional violations occurring prior to a plea of guilty once the defendant enters his plea' unless expressly preserved in a plea agreement or at a plea hearing." *Kennedy*, 2022 WL 18797053, at *2 (citing *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Third, Petitioner failed to show that she is not a fourth felony habitual offender.  It is her burden to prove the invalidity or unconstitutionality of any prior convictions which were used to charge her with being a habitual offender.  *See Hobson v. Robinson,* 27 F. App'x 443, 445 (6th Cir. 2001).  Petitioner does not deny having seven prior felony convictions.  In fact, she attached to her petition a felony information filed in the Wayne County Circuit Court which indicates that she had seven prior felony convictions.  (*See* ECF No. 1 at PageID.53-54).  Petitioner does not dispute that she was convicted of these offenses.  Instead, she argues that these prior convictions could not be counted because of their age and the fact that she was not on probation or parole for any of these offenses when she committed the current offense.

The Michigan habitual offender statutes do not contain a time limitation regarding the inclusion of prior felony convictions for sentencing enhancement

purposes.  *See People v. Richardson*, No. 322195, 2016 WL 3030860, at \*17 (Mich. Ct. App. May 26, 2016).  Michigan's habitual offender statutes "apply to all offenders that have been convicted of a certain number of felonies or attempts to commit felonies, regardless of when they occurred or what they say about the defendant's character or 'habit.'"  *Id.* at \*18.  The Michigan Court of Appeals held in *People v. Zinn*, 551 N.W.2d 704 (1996), that a trial court may constitutionally consider convictions that are more than ten years old in determining whether a defendant is a habitual offender.  *Id.* at 709 (citing *People v. Line*, 378 N.W.2d 781 (Mich. Ct. App. 1985)).

Moreover, the expiration of Petitioner's sentences on her prior convictions has no bearing on their use as predicate offenses for her habitual offender charge. In fact, Michigan law does not require that there even be a sentence on a previous conviction to use the conviction as the basis for a habitual offender charge.  *People v. Bettistea*, 448 N.W.2d 781, 784 (1989) (citing *People v. Funk*, 321 Mich. 617, 621, 33 N.W.2d 95, 96 (Mich. 1948)).  If a defendant need not be sentenced on a prior conviction for the conviction to be considered, certainly a prior conviction for which the sentence has expired may be used.  For these reasons, Petitioner fails to show that her prior felony convictions could not be used to charge her as a fourth felony habitual offender.

Petitioner also claims that neither she nor her counsel received timely notification of the habitual offender charges.  Michigan Compiled Laws § 769.13 contemplates two different dates for measuring the timeliness of the filing of the habitual offender notice: (1) "21 days after the defendant's arraignment on the information charging the underlying offense" or (2) "if arraignment is waived, within 21 days after the filing of the information charging the underlying offense."

The felony information charging Petitioner with being a fourth felony habitual offender was signed and dated November 25, 2020.  The assistant prosecutor who signed the information also indicated that it was served on Petitioner's trial counsel on that same date.  (ECF No. 1 at PageID. 54).  The arraignment on the information was November 30, 2020.  (ECF No. 9-1 at PageID. 264).  Numerous Michigan cases establish that the habitual offender notice was timely when filed prior to the arraignment.  *See People v. Hornsby*, 650 N.W.2d 700, 705 (Mich. Ct. App. 2002); *People v. Woods*, No. 322608, 2016 WL 232316, at *6 (Mich. Ct. App. Jan. 19, 2016), *People v. Davis*, No. 318059, 2015 WL 501928, at *6, n. 20 (Mich. Ct. App. Feb. 5, 2015); *People v. Swift*, No. 318680, 2015 WL 728552, at *2 (Mich. Ct. App. Feb. 19, 2015); *People v. Brown,* No. 255255, 2006 WL 1006558, at *3 (Mich. Ct. App. Apr. 18, 2006).  Petitioner's claim that the habitual offender notice was untimely is without merit.

Petitioner also claims that her trial counsel was ineffective for failing to challenge the validity of the habitual offender charge.  To prevail on this claim, Petitioner must show that the state court's conclusion regarding this claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  *Strickland,* 466 U.S. at 687.

As set forth above, there were no viable grounds for challenging the habitual offender charge in this case.  Thus, Petitioner's counsel was not ineffective for failing to challenge the viability of the habitual offender charge.  *See e.g., Cummings v. United States,* 84 F. App'x 603, 605 (6th Cir. 2003).  Petitioner is not entitled to relief on her second claim.

## IV.  Conclusion

For the reasons discussed, Petitioner is not entitled to habeas relief based on the claims asserted in her petition.  The Court is, therefore, denying her request for habeas relief.

The Court also is denying Petitioner a certificate of appealability.  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make this showing, the

21

applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. For the reasons stated herein, the Court finds that Petitioner fails to make this showing.

Nevertheless, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous. Therefore, an appeal could be taken in good faith, and Petitioner may proceed in forma pauperis on appeal. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS SO ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability but is **GRANTED** leave to proceed in forma pauperis on appeal, if she seeks to appeal.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 15, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 15, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager